UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith,     #331894, | ) C/A No. 3:11-47-MBS-JRM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| SCDC Director Bill Byars; Shirley A Singleton; SCDC Warden John R Pate; SCDC Associate Warden of Operations McKendly Newton; SCDC Associate Warden of Programs Arthur Jordan Jr; SCDC Nutritionist Marcia Fuller; State of South Carolina; Congress; United State of America; The Judiciary | ) |
| Respondents. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this case pursuant to 42 U.S.C. § 1983. As the complaint fails to state a claim under § 1983, this case should be dismissed.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity

can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The instant complaint makes a bald assertion that he (and "other prisoners or refugees") has been subjected to cruel and unusual punishment, but does not give any description or facts to support the bald assertion. ECF No. 1 at 3. Plaintiff connects the treatment of prisoners world-wide to governing issues, saying that he would like world governments to improve in "numerous ways." ECF No. 1 at 3.

Attachments to the complaint, which are not referenced in the complaint itself, may include some clues as to what Plaintiff is attempting to litigate. He includes announcements that prisoners will be served brunch on weekends, presumably in place of breakfast and lunch, thus reducing meals to 2 a day on weekends. However, because he has failed to allege any injury as a result of the brunch scheme, he has failed to state a claim under the Eighth Amendment. It is well settled that "inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Shrader v. White*, 761 F.2d 975, 986 (4th Cir.1985) (citations omitted): *see Boldine v. Holshouser*, 575 F.2d 461, 465 (4th Cir. 1978)(concluding inmate's allegation of failure to provide adequate sanitary food service facilities can state a cognizable claim). Although the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, an inmate must allege a serious injury arising from the provision of inadequate food to state an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298; *White v. Gregory*, 1 F.3d 267, 268 (4th Cir.1993) (concluding that plaintiff failed to state a claim because he failed to allege "serious or significant physical or mental injury" from being served only two meals a day on holidays and weekends).

At one point in an attached grievance Plaintiff mentions the Speedy Trial Act, with no other information. (ECF No. 1 at 11 if reading complaint with attachments as one document). He requests legal materials in one grievance dated November 29, 2010, but the reply informed him he had money to purchase these, and it is not mentioned in the complaint itself. It is also possible he is complaining about a disciplinary conviction, as reflected in the reply to a grievance dated November 18, 2010 (ECF No. 1 at 27), which alleges racial discrimination in that his punishment included a change of custody level and placement in SMU without Due Process or Equal Protection (that grievance appears to be exhausted, see ECF No. 1 at 27). He is possibly alleging the disciplinary conviction was obtained because he was forced to sign something under threat, although this could be some patent-related contract he mentioned in a previous case. ECF No. 1 at 28. It is impossible to for the Court to divine what the Plaintiff's intentions are in attaching this information, and to assume any cause of action would be writing his complaint for him, which is forbidden by caselaw, as discussed above.

Otherwise, in his attached grievances, Plaintiff merely lists constitutional violations that have occurred, again with no facts as to what sort of acts on the part of defendants caused such violations, and no request for relief other than "FREEDOM" (which sounds in habeas) and better world governments. As Plaintiff has failed to state a claim for relief under § 1983, this case should be summarily dismissed.

Recommendation

The District Court should dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519

(1972).  **Plaintiff's attention is directed to the important notice on the next page**.

                                  Joseph R. McCrorey
                                  United States Magistrate Judge

March 28, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).