IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Adrian Marion Smith, #331894,       )
                                  )    Civil Action No. 3:11-47-MBS-JRM
          Plaintiff,        )
                                  )
     vs.                    )    **ORDER AND OPINION**
                                  )
SCDC Director Bill Byars; Shirley A.   )
Singleton; SCDC Warden John R. Pate;  )
SCDC Associate Warden of Operations  )
McKendly Newton; SCDC Associate    )
Warden of Programs Arthur Jordan, Sr.;  )
SCDC Nutritionist Marcia Fuller; State of )
South Carolina; Congress; United States of )
America; and The Judiciary,        )
                                  )
     Defendants.       )
_____)

On January 13, 2011, Adrian Marion Smith ("Plaintiff"), a South Carolina state prisoner proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 action in this Court against the above-named Defendants. ECF No. 1. Although Plaintiff's complaint is not clear, the essence of his claim appears to be that the South Carolina Department of Corrections ("SCDC") brunch program, which results in only two meals per day being served on weekends, amounts to torture, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On March 28, 2011, the Magistrate Judge issued a Report and Recommendation in which he noted that to state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. *Id.* at 2-3.  The Magistrate Judge found that although Plaintiff's complaint "makes a bald assertion that he (and 'other prisoners or refugees') has been subjected to cruel and unusual punishment, [he] does not give any description or facts to support" this assertion. *Id.* at 3.  Rather, Plaintiff merely attached a number of documents dealing with prison grievances and cafeteria menus.  The Magistrate Judge examined the various attachments to Plaintiff's complaint and surmised that Plaintiff may be complaining about the SCDC brunch program, which results in only two meals per day being served on weekends. *Id.*

Regarding the SCDC brunch program, the Magistrate Judge noted that "[a]lthough the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, an inmate must allege a serious injury arising from the provision of inadequate food to state an Eighth Amendment violation." *Id.*; *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *White v. Gregory*, 1 F.3d 267, 268 (4th Cir. 1993).  The Magistrate Judge found that Plaintiff had alleged no such injury.  ECF No. 13 at 3.  The Magistrate Judge also discussed several other attachments, but found that "[i]t is impossible for the Court to divine what the Plaintiff's intentions are in attaching this information, and to assume any cause of action would be writing his complaint for him, which is forbidden by caselaw." *Id.* at 4.  Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without issuance and service of process.  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on April 4, 2011.  ECF No. 15.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## DISCUSSION

Plaintiff's objections to the Magistrate Judge's Report and Recommendation largely focus on the alleged unconstitutionality of the SCDC brunch program.[1] Plaintiff discusses "the real [sic] unconstitutional SCDC 'brunch program' that has been created[,] designed and inflicted on prisoners . . . as a means of torture," and argues that Defendants "should be forced to feed human being prisoners healthy nutritious meals every day on Monday Tuesday Wednesday Thursday Friday Saturday Sunday and all year round every year that they chose to incarcerate human beings." ECF No. 15 at 2.

A prisoner's conditions of confinement violate the Eighth Amendment if they "involve the wanton and unnecessary infliction of pain" or are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Specifically, "inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates

---

[1]    Plaintiff also argues that various judges and members of Congress should be impeached, that both *in forma pauperis* review and the Federal Magistrates Act are unconstitutional, and that "all former precedents [should] be overruled." These unsupported arguments will not be addressed.

3

who consume it." *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985) (quotation omitted). But

"before pain of a constitutional magnitude can be said to exist, there must be evidence of a

serious medical and emotional deterioration attributable to the challenged condition." *Lopez v.*

*Robinson*, 914 F.2d 486, 490 (4th Cir. 1990) (quotation omitted). In addition to demonstrating a

harm of constitutional magnitude, a plaintiff must also show "deliberate indifference" on the part

of the prison officials causing the harm. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

As the Magistrate Judge noted, Plaintiff has not alleged any serious injury resulting from

the challenged brunch program. Although Plaintiff generally alleges that the brunch program

"causes starvation and [malnourishment] that lowers the overall life expectancy of prisoners,"

ECF No. 15 at 5, neither his complaint nor his objections suggest any facts supporting this

argument. Additionally, despite conclusory accusations of "conspiracies to violate the United

States constitutional human civil rights of" Plaintiff and "all prisoners," ECF No. 15 at 2,

Plaintiff's allegations are insufficient to establish that Defendants acted with deliberate

indifference towards Plaintiff's needs. Because Plaintiff's complaint does not reveal any

"serious or significant physical or mental injury," *White v. Gregory*, 1 F.3d 267, 269 (4th Cir.

1993), his Eighth Amendment claim based on receiving two rather than three meals per day must

be dismissed for failure to state a claim upon which relief can be granted.

### CONCLUSION

After a *de novo* review of the record in this case, the Court determines that Plaintiff's

objections to the Magistrate Judge's Report and Recommendation are without merit.

Accordingly, the Court adopts Magistrate Judge McCrorey's Report and Recommendation and

incorporates it herein.  Plaintiff's action is dismissed without prejudice and without issuance or

service of process.

       **IT IS ORDERED.**


                             s/ Margaret B. Seymour
                             Margaret B. Seymour
                             United States District Judge

Columbia, South Carolina
October 17, 2011